# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CHRISTOPHER G. COULSON,**

**Plaintiff,**

**v.**                                    **CASE NO. 18-3128-SAC**

**MICHAEL SAUNDERS, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Christopher Coulson, a prisoner at the Lafayette County Jail in Lexington, Missouri, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

## I. Nature of the Matter before the Court

Plaintiff's complaint (ECF Doc. 3) includes three counts alleging the following: 1) Plaintiff was wrongfully arrested by the Bonner Springs Police Department based on fabricated evidence in the affidavit supporting the warrant; 2) Plaintiff was wrongfully extradited from Kansas to Missouri; and 3) Plaintiff orally stated he wanted to apply for habeas corpus before being extradited but was extradited anyway. Plaintiff names as defendants Michael Saunders, Detective for the Bonner Springs Police Department; Jose Guerra, Assistant District Attorney for Wyandotte County, Kansas; Jennifer Meyers, Wyandotte County District Court Judge; Donald Ash, Wyandotte County Sheriff; Kristen Hillbrenner, Lafayette County Prosecutor; Eric Greitens,

former Governor of Missouri; Derek Schmidt, Kansas Attorney General; and Jeff Colyer, Governor of Kansas.

According to the complaint, Mr. Coulson was arrested in Bonner Springs, Kansas, on September 19, 2017, and charged with burglary. Charges were dismissed by the prosecutor on December 18, 2017. Apparently, Plaintiff was then held on a detainer from Missouri until he was extradited after a hearing on March 23, 2018.

Plaintiff does not specify which of his constitutional rights he believes have been violated. He seeks compensatory damages for lost wages and possessions as well as immediate release from custody.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

### A.  Count I

In Count I of the complaint, Mr. Coulson claims Defendant Saunders fabricated evidence in the affidavit used to obtain the warrant for his arrest.  The alleged fabrication has something to do with photographs purportedly obtained from a crime scene in Lafayette County, Missouri.

An arrest warrant must be supported by probable cause. *Taylor v. Meacham*, 82 F.3d 1556, 1561–62 (10th Cir. 1996).  "Probable cause to arrest exists when an officer has learned of facts and circumstances through reasonably trustworthy information that would lead a reasonable person to believe that an offense has been or is being committed by the person arrested." *United States v. Anchondo*, 156 F.3d 1043, 1045 (10th Cir. 1998).  The Fourth Amendment is violated "if police knowingly or with reckless disregard included false statements in affidavits that formed the basis for the issuance of warrants." *Pierce v. Gilchrist*, 359 F.3d 1279, 1289 (10th Cir. 2004).  "If an arrest warrant affidavit contains false statements, "the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit." *Taylor,* 82 F.3d at 1562 (quotations omitted).

Mr. Coulson has failed to allege sufficient facts to show that no probable cause supported his arrest and confinement, that false statements were even made, or that any defendant acted

recklessly or maliciously.  *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).  He claims Defendant Saunders lied, but it is not at all clear from the complaint what he allegedly lied about. Plaintiff seems to be saying that Defendant Saunders stated he relied on photographs taken by his officers when the photos were actually taken by the Lafayette County, Missouri, Sheriff's Department.  Plaintiff does not explain why this is relevant or how this demonstrates a lack of probable cause for his arrest.  Because Mr. Coulson has not alleged sufficient facts to support his claim of wrongful arrest, this claim is subject to dismissal.

## B.  Count II

In Count II, Plaintiff claims the paperwork for his extradition from Kansas to Missouri was "sever[e]ly out of order and improperly authenticated."  ECF Doc. 3 at 7.  He seems to be referring to what appears to be a clerical error in the date of the application for requisition signed by Defendant Hillbrenner.  The date is listed as March 12, 2018, on the second page of the application, but the attached notarized affidavit lists the date of the application as *January* 12, 2018.  *See* ECF Doc. 1-1 at 16, 17.  Plaintiff makes much of the difference, questioning how Defendant Greitens could have signed the Governor's warrant on February 27, 2018, if the application for requisition was not even signed until March 12, 2018.  He also claims the Kansas prosecutor had a copy of some extradition related document that he showed Plaintiff "off the record" on March 6, 2018. This does not seem irregular to the Court, as the Missouri Governor's warrant was signed on February 27, 2018.

The date irregularity appears to be no more than a technical defect.  "Technical defects in extradition papers do not prevent extradition."  *Gladney v. Sheriff of Leavenworth County*, 598 F.2d 559, 561 (Kan. App. 1979), citing *McCullough v. Darr*, 548 P.2d 1245, 1248 (Kan. 1976), and *Dean v. Sheriff of Leavenworth County*, 538 P.2d 725, 726 (Kan. 1975).  In fact, the Kansas

Supreme Court has stated, "[E]rrors in the date of the application for requisition do not defeat extradition." *McCullough*, 548 P.2d at 1248.

Where a plaintiff could not have prevented the extradition, he cannot recover for any injury caused by that extradition. *Long v. Shillinger,* 927 F.2d 525, 528 (10th Cir. 1991); *see also Knowlin v. Thompson,* 207 F.3d 907, 909 (7th Cir. 2000) (Plaintiff cannot prevail on claim that the Uniform Criminal Extradition Act was violated absent a showing that he was not, in fact, extraditable through proper procedures).

Plaintiff does not allege he was not extraditable. He is merely complaining about a technical error that has no bearing on the legality of his extradition from Kansas to Missouri. Plaintiff has not stated a claim for the violation of his constitutional rights. Count II is subject to dismissal.

### C. Count III

In Count III, Plaintiff alleges he was illegally handed over to Missouri after stating at his extradition hearing on March 23, 2018, that he wished to apply for habeas corpus to test the legality of the extradition documents. However, Plaintiff does not allege that he actually filed an application for writ of habeas corpus. Under Kansas law, an applicant for habeas corpus must file a verified petition. K.S.A. 60-1502. Simply stating a desire to apply for habeas corpus is not sufficient.

Plaintiff claims he told his attorney several times that he wanted to apply for habeas corpus. Any claim he might wish to make against his criminal defense attorney cannot be pursued here. To state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48

(1988). A criminal defense attorney is not a state actor. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff has not stated a claim for a constitutional violation in Count III of his complaint. Therefore, Count III is subject to dismissal.

### D. Request for Release from Custody

One of the remedies requested by Plaintiff is release from custody. However, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994 ) (explaining *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (although "[a] prisoner may use § 1983 to challenge the conditions of his confinement," habeas is "the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement").

Plaintiff apparently filed a habeas corpus action in Wyandotte County, Kansas after his extradition, and the action was properly dismissed because Plaintiff was no longer being held in Kansas. A federal habeas corpus action would not be appropriate either because "[o]nce a prisoner facing extradition 'has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state.'" *Bey v. Keating*, 215 F.3d 1336 (Table), 2000 WL 633049, *2 (10th Cir. 2000), *quoting Gee v. State,* 912 F.2d 414, 416 (10th Cir. 1990); *see Remeta v. Singletary,* 85 F.3d 513, 518-19 (11th Cir. 1996) (concluding that failure of asylum state to provide petitioner a pre-extradition hearing did not deprive requesting state of jurisdiction to try petitioner for criminal charges); *Eckert v. Tansy,* 936 F.2d 444, 450 (9th Cir. 1991) (concluding federal habeas corpus relief cannot be granted "on the ground

of illegal extradition"); *Shack v. Attorney General,* 776 F.2d 1170, 1172 (3d Cir. 1985) (concluding that deprivation of right to pre-extradition hearing did not render petitioner's subsequent confinement illegal or prevent state from prosecuting him).

### E. Defendants

Plaintiff names multiple defendants who are immune from liability under § 1983. Governor Colyer and former Governor Greitens are entitled to absolute immunity from suit based on the issuance of an extradition warrant. *See White v. Armontrout,* 29 F.3d 357, 360 (8th Cir. 1994) (issuance of extradition warrant is a quasi-judicial act for which governor has absolute immunity). Defendant Hillbrenner, Prosecuting Attorney of Lafayette County, Missouri, is also absolutely immune. *See Wesley v. State,* 974 F.2d 1346, 1992 WL 208205, *3 (10th Cir. 1993) (district attorney absolutely immune from suit for money damages based on alleged violation of the Uniform Criminal Extradition Act). In addition, prosecutors enjoy absolute immunity from liability under § 1983 for actions performed "within the scope of their prosecutorial duties." *Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991). Defendant Guerra's actions of initiating a prosecution and presenting the State's case are clearly within the scope of his prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Similarly, Defendant Schmidt's actions in the extradition process are within the scope of his official responsibilities. Finally, Defendant Meyers as Wyandotte County District Judge enjoys absolute immunity from liability under § 1983. *Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183, 1189 (10th Cir. 2008).

As a result, Defendants Colyer, Greitens, Hillbrenner, Guerra, Schmidt, and Meyers are subject to dismissal from this action.

Defendant Ash, Sheriff of Wyandotte County, is also subject to dismissal. An essential element of a civil rights claim against an individual is that person's direct personal participation in

the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Government officials may not be held liable for the actions of their subordinates solely under a theory of *respondeat superior*. *Id.*; see also *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n. 4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). Since an official cannot be held liable under a theory of vicarious liability, Plaintiff must plead sufficient facts showing that each official violated the Constitution through his own individual actions. *Id.*

Plaintiff names Sheriff Ash as a defendant but includes no specific allegations of his involvement. Therefore, Defendant Ash is also subject to dismissal from this action.

## VI. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **October 22, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 21st day of September, 2018, at Topeka, Kansas.

s/ Sam A. Crow\_\_\_\_\_
**SAM A. CROW**
**U.S. Senior District Judge**