IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER G. COULSON,**

                **Plaintiff,**

          v.                                                  **CASE NO. 18-3128-SAC**

**MICHAEL SAUNDERS, et al.,**

                **Defendants.**

## **MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff alleges he was wrongfully arrested by the Bonner Springs Police Department based on fabricated evidence in the affidavit supporting the warrant; he was wrongfully extradited from Kansas to Missouri; and he orally stated he wanted to apply for habeas corpus before being extradited but was extradited anyway. Plaintiff seeks compensatory damages as well as immediate release from custody.

On September 21, 2018, the Court entered a Memorandum and Order to Show Cause (ECF No. 8)("MOSC") ordering Plaintiff to show cause by October 22, 2018, why this matter should not be dismissed due to the deficiencies set forth. The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice. Plaintiff requested one extension of time, which was granted, extending the deadline to December 21, 2018. However, Plaintiff has not responded to the MOSC.

1

As explained in the NOSC, Mr. Coulson's Complaint is subject to dismissal for a number of reasons. First, Plaintiff did not adequately support his claim of wrongful arrest. He failed to allege sufficient facts to show that no probable cause supported his arrest and confinement, that false statements were made in the affidavit used to obtain the arrest warrant, or that any defendant acted recklessly or maliciously. *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Second, Plaintiff did not state a claim for the violation of his constitutional rights in connection with his extradition; he merely complained about a technical error that has no bearing on the legality of his extradition. *See McCullough v. Darr*, 548 P.2d 1245, 1248 (Kan. 1976). Third, his allegation about being denied a hearing after orally petitioning for habeas corpus also did not state a claim for a constitutional violation. Under Kansas law, an applicant for habeas corpus must file a verified petition. K.S.A. 60-1502. Simply stating a desire to apply for habeas corpus is not sufficient. Finally, Plaintiff's request for release from custody cannot be addressed in this civil rights action. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994 ) (explaining *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (although "[a] prisoner may use § 1983 to challenge the conditions of his confinement," habeas is "the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement"). All of Plaintiff's claims are dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this action is dismissed for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED: This 31st day of January, 2019, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U.S. Senior District Judge**